LIBERTO ALBERT VOLPE, petitioner,

*v.*

ROSE VOLPE, defendant.

[Heard and determined June 3d, 1924.]

**Divorce—Question of Clean Hands of Complainant—Presumption of Coercion—Sufficiency of Testimony.**

On petition for divorce. On final hearing.

*Mr. William Smathers,* for the petitioner.

*Messrs. Cole & Cole,* for the defendant.

INGERSOLL, V. C.

I do not think it is necessary for me to take this case under advisement. There are many conflicting situations in this case. The first, though not so important as many others that I will speak of, is the fact that this man is now living in the

same house, with no one else in that house than his children, with the wife of the man whom he charges as the co-respondent, which raises a very grave question whether he comes into court with the clean hands that the court of chancery requires of a man under such circumstances. Certainly, it would be quite clear that it would be extremely doubtful if a final decree would be granted, if a decree *nisi* would be granted at this time, and he continue to live in such a situation between the time of the decree *nisi* and the time at which a final decree could become due. I doubt if under such circumstances a final decree would ever be made by the court of chancery.

At the close of the petitioner's case there was nothing upon which a decree for divorce could be advised. No attempt had been made to overcome the presumption of coercion so far as the confessions had been made. At that time the question of a confession or an oath before the grand jury had not been testified to, and could not have been, because no one else could testify to what occurred in the grand jury room. I am satisfied that the burden of proof to show that those confessions, other than that one before the grand jury, has not been carried to show that those confessions were not caused by the coercion of the husband, and at the present time I am satisfied that his denial is insufficient to place them in the catagory where they can be admitted as conclusive evidence against her. So far as the confession before the grand jury is concerned, I am forced to the conclusions that, even at that time, she was under the coercion of her husband. She testifies that she came to the grand jury with the avowed intention of telling that she had had no relations with Dileo, but that, her father being away for a time, her husband grasped the opportunity and again threatened her. That is not denied, and I am bound to feel that that presumption still exists.

Had there been but one child sworn, had the boy been the only one sworn, I would have, and did at the end of his testimony, feel that his story was true, but when the second child came on, and even the preliminary examination by the

court to test her capacity to be sworn as a witness, she used almost the same language, gave almost verbatim the same responses to the questions propounded by the court to test that capacity, but more noticeable was it afterwards, when on the witness-stand, when the testimony of the two are so closely parallel, the use of the words, the same words so often occurred that I cannot feel that two children, one of them the age of about eight or nine, when the facts about which they are testifying occurred, the other a year and a half older, it is impossible to think that they could use the same language in describing what had occurred so many months before. I am only in the position here to decide whether the case has been proven according to the laws as existing in the state, and it cannot help but be clear in the mind of anyone hearing the testimony here that there is a tremendous lack of honesty, of truthfulness—when I say honesty, I mean so far as the statement of facts are concerned—and, perhaps, of morals existing in these two families. The fact that the children are found debauched by their own father, or by some other man, have been outraged, shows certainly a lack, at least, of that proper precaution and care which the parent should exercise over children, but I am bound, on the question of application for a divorce, which has been justly stated to be a tripartite case, one in which the man, the wife and the state are each parties, to find in this case that the petitioner has not carried the burden of proof to show that the confessions made by the wife to him in his presence, or immediately after leaving his presence, have not been by his coercion, and even had I found that those confessions were sufficient, I am still bound to find that they have not been corroborated by such strong circumstances as in our laws make it necessary.

I am satisfied that the testimony of the two children, doubting as I do the truth of it—and I say that emphatically—that I do not believe the story as told by the two children; I believed the boy, but when it came up to the girl, the two of them apparently schooled in their testimony, of course, we all understand without any knowledge on the part

of counsel in any way, would never for an instant think that anything I would say would extend to that, but, without question, those children were schooled in their answers, I cannot find sufficiently to corroborate even if I could admit the confessions as being true and binding.

Under those circumstances, and, as intimated before, without intimating my personal view of the situation in these two families at all, I am bound to say the petitioner has not produced proof sufficient to entitle him to have a decree for divorce, and the petition will be dismissed.

Mr. Cole—Will your honor add a little counsel fee by way of a penalty?

The Court—The husband who brings a suit is bound to furnish the funds, even if it appears on the face that the defendant is guilty. I will only make a nominal fee of $50.